IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**JASON A. PETERSON,**

        **Plaintiff,**

  v.            CASE NO. 13-3157-SAC

**RANDY HENDERSON, et al.,**

        **Defendants.**


## O R D E R

This matter is a civil rights action filed under 42 U.S.C. §1983. Plaintiff proceeds pro se and in forma pauperis.[1]

**Background**

Plaintiff's complaint (Doc. #1) alleged that on September 12, 2013, while incarcerated in the Reno County Jail, he was placed in the same cell with another prisoner, MB. That prisoner advised jail deputies that he and plaintiff had problems. However, the two were placed in the same cell. Several hours later, MB was removed for questioning, and he again told officials that the two had problems. The two remained housed together for approximately ten hours. They argued, but there was no physical violence between them.

On October 2, 2013, plaintiff filed an amended complaint (Doc. #3), alleging that since his incarceration on August 29, 2013, he had not been allowed exercise time out of his cell. He attached a grievance form in which he sought outdoor exercise and stated that although he

---

[1] Plaintiff submitted an initial partial filing fee of $12.00 as directed, and the Court grants leave to proceed in forma pauperis. He remains obligated to pay the balance of the $350.00 filing fee in installments calculated under 28 U.S.C. § 1915(b)(2).

had been told he would receive outdoor exercise, he had not received that opportunity. The reply to his grievance states that outside exercise could be allowed only when the weather was suitable and there was sufficient staff to monitor outside exercise. Plaintiff also attached a grievance dated September 12, 2013, complaining of his placement with MB.

The reply, dated the following day, explained that officers making housing assignments use the information available to them and that neither plaintiff nor MB had stated a need for separation. The reply ends, "You are not currently housed together and it is now noted not to house the two of you together." (Doc. #3, Attach. p. 2.)

On October 31, 2013, plaintiff and MB[2] jointly submitted a second amended complaint (Doc. #6). The complaint states that on September 25, 2013, when plaintiff returned to the Reno County Jail from the Larned State Hospital, he again was assigned to a cell with MB. Shortly, "an argument ensue[d] between the two and punches are exchange[d], some scuffling and wrestling until one another agree's to give up." (Doc. 6, p.2.)

Plaintiff and MB allege that the second placement of them in the same cell was an attempt to have them harm one another. The amended complaint alleges that they have been in fear of their safety, of retaliation, and of the risk of implication in criminal charges. *Id*.

### Analysis

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a).

---

[2] Although MB signed the amended complaint, he has not submitted the filing fee or a motion to proceed in forma pauperis, and the Court has not directed his addition as a plaintiff.

Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. Id. at 558.

Pleadings filed by a pro se litigant must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

It appears that at all relevant times, plaintiff was a pretrial detainee. *See State v. Peterson*, 353 P.3d 472, 2015 WL 4716295 (Jul. 31, 2015), *rev. den*. Mar. 28, 2016 (stating the jury heard evidence against plaintiff in January 2014). The protected rights of a pretrial detainee are governed by the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). A pretrial detainee enjoys at least the same degree of protections as a person who has been convicted of a crime. *Blackmon v. Sutton*, 734 F.3d 1237, 1241 (10th Cir. 2013).

Under the Eighth Amendment, prison officers have a duty to provide humane conditions of confinement, including a duty to "take

reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

*Failure to protect*

While neither prison officers nor municipalities can absolutely guarantee the safety of prisoners, *see Berry v. City of Muskogee*, 900 F.2d 1489, 1499 (10th Cir. 1990), it is settled that "[p]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Benefield v. McDowall*, 241 F.3d 1267, 1270-71 (10th Cir. 2001). A prison official's "deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Id*.

A prisoner states a cognizable claim alleging a failure to protect only by showing both that he was incarcerated "under conditions posing a substantial risk of serious harm, the objective component" and that "the prison official was deliberately indifferent to [his] safety, the subjective component." *Id*. at 1271.

Here, while jail employees twice placed plaintiff and MB in the same cell, the events described do not suggest a substantial risk of serious harm. First, the two had been housed together previously without a physical altercation, though they each expressed concerns. Next, the amended complaint does not identify any serious injury to either prisoner, nor does it clearly identify personal participation by the sole named defendant. Finally, it does not appear that plaintiff submitted a grievance concerning that placement, although he previously had used the procedure and was aware of it.

*Exercise*

Regular outdoor exercise is important to the overall well-being of prisoners. *Bailey v. Shillinger*, 828 F.2d 651, 653 (10th Cir. 1987).

The level of exercise that must be allowed, however, is determined upon the circumstances of each case. *Housley v. Dodson*, 41 F.3d 597, 599 (10th Cir. 1994)("what constitutes adequate exercise will depend on the circumstances of each case, including the physical characteristics of the cell and jail and the average length of stay of the inmates").

Here, the amended complaint alleges only that from his incarceration on August 29, 2013, to approximately September 25, 2013[3], plaintiff was not allowed outdoor exercise. As explained in the grievance, outdoor exercise is available to prisoners at the Reno County Jail, but access depends on staffing levels at the jail and on weather conditions. Plaintiff does not allege he suffered any physical deterioration, nor does he claim that he was deprived of all exercise for any period of time. Rather, the outdoor exercise he sought was not immediately available. These facts are not sufficient to state a claim of the denial of humane conditions of confinement, or of deliberate indifference to a substantial risk of harm. *See Farmer v. Brennan*, 511 U.S. 825, 847(1994)(explaining objective and subjective standards of Eighth Amendment test).

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED plaintiff's motion to proceed in forma pauperis (Doc. #13) is granted. Collection action shall continue under 28 U.S.C. § 1915(b)(2) until plaintiff satisfies the $350.00 filing fee. The clerk of the court shall transmit a copy of this order to the finance office of the facility where plaintiff is incarcerated.

---

[3] The amended complaint does not reflect the date it was executed; it was filed by the Clerk of the Court on October 2, 2013.

**IT IS SO ORDERED.**

DATED: This 29th day of July, 2016, at Topeka, Kansas.

                                       S/ Sam A. Crow
                                       SAM A. CROW
                                       U.S. Senior District Judge